IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALIEF INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO.: 4:08-cv-00861 |
| C.C. b/n/f KENNETH & NNECKA C., | § § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF AISD'S BRIEF ON THE AWARD OF ATTOIRNEY'S FEES UNDER THE INDIVIDUALS
WITH DISABILITY EDUCATION ACT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendants C.C. b/n/f Kenneth & Nnecka C., and file this Defendants' Response to Plaintiff Alief Independent School District's Brief on the Award of Attorney's Fees Under the Individuals With Disabilities Education Act, pursuant to the Court's Order dated November 20, 2009, and the Defendants would respectfully show the Court the following:

### I. Introduction

1.  The present Civil Action No. 4:08-cv-0861 is a federal appeal filed by Plaintiff Alief Independent School District (AISD) against the Defendants C.C. b/n/f Kenneth & Nnecka C. (Dkt. No. 1.) appealing the decision of a Special Education Hearing Officer from an administrative due process hearing, pursuant to the Individuals with Disabilities Education Act (IDEA '04), 20 U.S.C. § 1415(i)(2)(A).[1]

---

[1] A certified copy of the administrative record was filed with the Court by the Texas Education Agency. The first administrative record was filed on April 24, 2008 and consists of Docket No. 321-SE-0807 (containing Volume I.

## II. Factual Background

2.     On May 29, 2007, a special education due process hearing was initiated by Defendants C.C. b/n/f Kenneth & Nnecka C. in Docket No. 321-SE-0507, alleging the student C.C. was denied FAPE based upon various violations committed by the Plaintiff. The complaint was filed pursuant to the Individuals with Disabilities Education Act (IDEA '04), 20 U.S.C. § 1400 *et seq* and the additional claims under Section 504 of the Rehabilitation Act of 1973 (Section 504) 29 U.S.C.S. § 794 and Title II. of the Americans with Disabilities Act (ADA), 42 U.S.C.S. 12131, *et seq.,* Adm. Rec. (0507), Vol. I. pp.13-15.

3.     One of the due process complaint issues of the Defendant parents was that the Plaintiff AISD had denied FAPE to C.C. by failing to develop an appropriate IEP in which C.C. could access educational benefit in the May 22, 2007 ARD meeting by refusing to provide specific IEP goals for language arts, math, and speech therapy within the individualized transition plan to enable the student to maximize and recouperate educational opportunities. Adm. Rec. (0507), Vol. I. p.13.

4.     The second due process complaint issue of the Defendant parents was that the Plaintiff AISD had denied FAPE to C.C. by creating a hostile educational environment for C.C. based upon the continuing animosity displayed by the Plaintiff staff employees toward them in the ARD meetings and when Plaintiff responded to their requests for information and educational records of C.C. and failure to disclose all pertinent information to the ARD to ensure a collaborative process. Adm. Rec. (0507), Vol. I. p.p. 13-14.

---

and Volume II. of pleadings, transcripts of testimony, exhibits, three pre-hearing transcripts (June 21, 2007, Sept. 7, 2007 and Sept. 20, 2007) and the due process hearing transcript (dated Oct. 24, 2007) and the decision of the T.E.A. special education hearing officer. The supplemental administrative record was filed on July 11, 2008 and consists of Docket No. 273-SE-0507 (containing Volume I. of pleadings, exhibits, one transcript on the Motion to Recuse (Oct. 3, 2007). The administrative record will be cited as, e.g., "Adm. Rec. (0807) Vol. \_\_\_\_\_, p. \_\_\_\_." and Adm. Rec. (0507) Vol. \_\_\_\_\_, p. \_\_\_\_ .

5.  The Defendant parents felt the animosity from the Plaintiff beginning since the May 19, 2006 ARD meeting. It increased when the Plaintiff filed the first due process case on February 5, 2007 to override their consent for evaluations. Then, the Plaintiff's animosity further continued in the May 16, 2007 and May 22, 2007 ARD meeting, as demonstrated by the presence of the Plaintiff's school district attorney and Plaintiff ARD Committee denying all of the major items that the Defendant parents requested for C.C. for his educational program

6.  The due process complaint of the Defendant parents continued to list a total of nine issues. Adm. Rec. (0507), Vol. I. p.p. 13-14.

7.  On August 16, 2007, the Plaintiff AISD filed Plaintiff's Request for Due Process. Plaintiff raised only two narrow issues for due process. The Plaintiff did not believe that Multiple Chemical Sensitivity and Scotopic Sensitivity Syndrome were recognized disabilities and the testing was unnecessary to provide FAPE. The second issue was the Plaintiff believed the parents and their advocates filed the due process request hearing to harass the District citing 20 U.S.C. 1415(i)(2)(A). The proposed relief was to obtain an Order that the latest FIE testing performed on C.C. was appropriate and accurate and that the District was not required to conduct the MCS and Scotopic Sensitivity testing. Adm. Rec. (0507) Vol. 1., p.p. 192-194.

8.  On August 20, 2007, the Defendant parents filed Petitioner's Motion for Leave to File Amended Complaint and Petitioner's First Amended Complaint. Adm. Rec. (0507) Vol. I., p.p. 201-210.

9.  On August 21, 2007, the Hearing Officer issued an Order Consolidating the Due Process Hearing With Docket No. 273-SE-0507 and issued an Order Allowing Petitioner to Amend Complaint; Consolidating Petitioner's Amended Complaint and Respondent's Complaint; And Issuing Revised Scheduling Order. Adm. Rec. (0507) Vol. I., p.p. 232-241.

10.  The Defendant parents wanted to attend another Resolution meeting after they amended their compliant.  The Plaintiff did not want to attend another Resolution meetings and so they filed a correspondence dated August 28, 2007 to represent Respondent's Motion for Reconsideration of the Hearing Officer's Revised Scheduling Order. Adm. Rec. (0507) Vol. I., p.p. 248-249.  The Hearing Officer issued an Order Granting their Motion. Adm. Rec. (0507) Vol. I., p.p. 251-252.  Defendant parents filed their Response to Respondent's Motion for Reconsideration. Adm. Rec. (0507) Vol. I., p.p. 255-260.  The Plaintiff AISD was afforded an opportunity to meet and possibly resolve the due process litigation, but they refused to meet.

11.  On September 7, 2007, another Pre-hearing Conference was held.  Adm. Rec. (0807) Transcript Sept. 7, 2007 Pre-hearing Conf., Vol. II., p.p. 1-38.  The Special Education Hearing Officer issued a Prehearing Order. Adm. Rec. (0507) Vol. I., p.p. 286-293.  Ms. Edna Ballard appeared with the Defendant mother.  The parties debated whether or not the Defendant's amended complaint could bring the additional causes of action of the Section 504 of the Rehabilitation Act of 1973 (Section 504) and Title II. of the Americans with Disabilities Act (ADA).  The Hearing Officer explained her jurisdiction over the claims outside of IDEA. Adm. Rec. (0807) Transcript Sept. 7, 2007 Pre-hearing Conf., Vol. II., p.11, lines 2-25 and p. 12., lines 1-16. and p. 13, lines 4-22.

12.  The Defendant mother objected because she felt there had been an obstruction of justice committed by the Plaintiff so the additional claims should be allowed. Adm. Rec. (0807) Transcript Sept. 7, 2007 Pre-hearing Conf., Vol. II., p.12, lines 17-23.  The Defendant mother felt she wanted to file a Motion to Recuse. Adm. Rec. (0807) Transcript Sept. 7, 2007 Pre-hearing Conf., Vol. II., p.15, lines 19-21.

13.  The discussion evolved into the Defendant mother saying she would consider dropping the

whole case because she did not feel that C.C. was getting a fair trial. Adm. Rec. (0807) Transcript Sept. 7, 2007 Pre-hearing Conf., Vol. II., p.23, lines 9-22.

14.     The Defendant parents filed Petitioner/Respondent's Motion to Recuse. Adm. Rec. (0507) Vol. I., p.p. 298-301.

15.     On October 3, 2007, a hearing on the Motion to Recuse was held and heard by Hearing Officer Brenda Rudd. Adm. Rec. (0507) Vol. I., p.p. 436-452 and on October 4, 2007, the Hearing Officer entered an Order denying the recusal.

16.     On October 8, 2007, Defendant parents filed Petitioners/Respondents Motion/Notice Or Request for Dismissal Without Prejudice of All Due Process Complaints Involving C.C. and Alief ISD to dismiss the due process actions of both C.C. and Plaintiff AISD. Adm. Rec. (0507) Vol. I., p.p. 417-419.

17.     Plaintiff AISD filed their Respondent's Response to Petitioner's Request for Dismissal Without Prejudice of All Due Process Complaints Involving C.C. and Alief I.S.D. and requested to proceed to hearing and opposed the dismissal of its claims. Adm. Rec. (0507) Vol. I., p.p. 422-424.

18.     On October 10, 2007, the Hearing Officer issued an Order dismissing Docket No. 273-SE-0507 without prejudice, denying the Petitioner's motion to dismiss Docket No. 321- SE-0807 and allowing Docket No. 321-SE-0807 to proceed to hearing. Adm. Rec. (0507) Vol. I., p.p. 426-427.

19.     On October 24, 2007, due process hearing proceeded. Adm. Rec. (0807) Transcript October 24, 2007 Due Process Hearing, Vol. II., p.p. 1-126. The Defendant parents did not appear and did not participate at the due process hearing.

20.     The Plaintiff did not bring forward its claim for attorney's fees until the opening statement of Mr. Erik Nichols in the due process hearing. Adm. Rec. (0807) Vol. I., p.18. Mr. Nichols still cited 20 U.S.C. 1415(i)(3)(A)(i)(III) instead of Paragraph (B). Adm. Rec. (0807) Transcript October 24, 2007 Due Process Hearing, Vol. II., p.10, lines 2-6. After a brief recess, Mr. Nichols came back on the record

and stated he had made a mistake and changed the subsection to (B). Adm. Rec. (0807) Transcript October 24, 2007 Due Process Hearing, Vol. II., p.11, lines 18-25.

21. On December 19, 2007, the Hearing Officer issued her due process hearing decision. Adm. Rec. (0807) Vol. I., p.p. 5-23. On Plaintiff's first issue the Hearing Officer found in favor of the Plaintiff and held that the Plaintiff was entitled to a finding that its FIE was appropriate, such that no additional testing or Independent Educational Evaluation is required. Adm. Rec. (0807) Vol. I., p.22.

22. On the second issue, the Hearing Officer found in favor of the Defendant parents. Adm. Rec. (0807) Vol. I., p.23. The Hearing Officer believed that if 20 U.S.C. 1415(i)(3)(B)(i)(III) should ever be applied, it should be only applied in the most egregious cases, where there are no questions of malicious intent, and therefore the improper purpose is clear. Adm. Rec. (0807) Vol. I., p.17.

23. The Hearing Officer stated three reasons why she could not apply the IDEA statute. First, the Plaintiff AISD did not properly pled the attorney's fees and costs in the request for due process complaint providing the parents notice of the issue, citing the case of *Lago Vista ISD V. S.F.*, Cause No. A-07-CA-641-SS, in the U.S. District Court for the Western District of Texas, Austin Division. Adm. Rec. (0807) Vol. I., p.18.

24. The second reason was that Defendant parents dismissed their request for due process on October 10, 2007 and all of the claims in Docket No. 273-SE-0507 were dismissed. If Defendant parents had no other goal than to harass or delay, Defendant parents could have continued to pursue their claims, at through disclosure or the due process hearing. Adm. Rec. (0807) Vol. I., p.18.

25. The third reason was apart from the Defendant parents' failure to offer evidence and argument in support of its claims in Docket 273-SE-0507, the Defendant parents' ultimate dismissal of that Complaint, the Hearing Officer had no knowledge that actions by parent were done in the context of the present due process hearing (in 321-SE-0807). The actions of Parent at the May 2007 ARD and in the

context of the exchange of public information may have occurred outside the timeline of the due process hearing. Certainly, then ARDC occurred before any complaint was filed. And, it is unclear whether the document exchange involved discovery for this case, or the school district's response to an open records request. Adm. Rec. (0807) Vol. I., p.18.

26.     The Hearing Officer added a reason that the Hearing Officer remained concerned that finding that a parent brought an action solely for an improper purpose under the present circumstances, would have a chilling effect on parents' pursuit of special education claims. The Hearing Officer added because 20 U.S.C. 1415(i)(3)(B)(i)(III) is meant to be used only when there is no question as to the improper purpose, she could not conclude that Defendant parents' actions in this case met that standard. Adm. Rec. (0807) Vol. I., p.19.

27.     On March 17, 2008, Plaintiff AISD filed this federal appeal against Defendants C.C. b/n/f Kenneth & Nnecka C. from an administrative due process hearing before a Special Education Hearing Officer in Civil Action No. 4:08-cv-0861. This appeal was filed just two days before the ninety (90) day period deadline from the December 19, 2007 Hearing Officer's decision to bring the federal action authorized by 20 U.S.C. § 1415(i)(2)(B).

### III. Argument and Authorities

28.     In the recent case decided on September 25, 2009 of *Ruben A. v. El Paso Independent School District*, 2009 U.S. Dist. LEXIS 94028 (W.D. Tex., 2009), the Court set forth the statute, case law, Congressional history and purposes of IDEA concerning the award of attorney's fees and prevailing party pursuant to IDEA, 20 U.S.C. § 1415.

29.     Pursuant to the IDEA, the Court, in its discretion, may award reasonable attorney's fees to a party found to be a "prevailing party". The Fifth Circuit specifically defines a prevailing party as one "that attains a remedy that both (1) alters the legal relationship between the school district and the

handicapped child and (2) fosters the purposes of the IDEA. *Jason D. W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998). A finding that the party is a prevailing party only makes him eligible to receive attorney's fees under the IDEA, it does not automatically entitle him to recover the full amount that he spent on legal representation. *Id.* If the Plaintiff has succeeded on any significant issue in litigation which achieved some benefit of the parties sought in bringing the suit the plaintiff has crossed the threshold to a fee award of some kind. *Texas State Teachers' Assn. v. Garland I.S.D.*, 489 U.S. 782, 791-92 (1989). The alteration achieved must not be merely technical or *de minimus* in nature. Id. at 792. In the context of attorney's fees, related to a party's decree of success, when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief the only reasonable fee is usually no fee at all. *Dean Doe and Linda Doe v. Boston Public School*, 550 F. Supp.2d 170; 2008 U.S. Dist. LEXIS 35296 (U.S. Mass. April 1, 2008).

30. In another recent case decided on December 16, 2009 of *El Paso Independent School District v. Richard R.*, 2009 U.S. App. LEXIS 27638 (5th Cir 2009), the Court set forth the IDEA statute and case law on the issue of prevailing party, citing the Supreme Court case of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources* clarifying that a prevailing party is one that has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief. 532 U.S. 598, 603-04, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). An administrative hearing officers' order provides the requisite "judicial imprimatur" for a party to be considered a prevailing party for attorney's fees purposes, despite the fact that the hearing officer does not have the authority to award attorney's fees. The Court further listed examples of several ways IDEA can reduce the attorney's fees awarded. *El Paso Independent School District v. Richard R., id*

31. IDEA also provides that a Court may award reasonable attorney's fees to a prevailing party who is a local educational agency against the attorney of a parent who files a complaint that is frivolous,

unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after litigation became frivolous, unreasonable, or without foundation. 20 U.S.C. § 1415(i)(3)(B)(i)(II). A Court may also award reasonable attorney's fees to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint of subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation, 20 U.S.C. § 1415(i)(3)(B)(i)(III).

32. A school district must be a prevailing party in order to be entitled to attorney's fees under the IDEA. *District of Columbia v. Ijeabuonwu,* 631 F. Supp. 2d 101, 104 (D.D. C. 2009);*Parenteau v. Prescott Unified Sch. Dist.*, No. CV-07-8072, 2009 U.S. Dist. LEXIS 68359; 2009 WL 2169154, at *7 (D. Ariz. July 17, 2009).

33. On August 26, 2009, the U.S. District Court, El Paso Division, Texas reviewed the conduct of an attorney in the context of IDEA 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) in the case of *M.L. v. El Paso Indep. Sch. Dist.*, 2009 U.S. Dist. LEXIS 83299 (W.D. Tex. 2009). The attorney in M.L. v. El Paso ISD argued the attorney's fees provisions in IDEA are similar issues and analogous propositions of Federal Rule of Civil Procedure Rule 11 and a 42 U.S.C.§ 1988. The Court found the IDEA statute is distinct from Fed. R. Civ. Pro. Rule 11 and 42 U.S.C.§ 1988. The Court in *M.L. v. El Paso Id.* listed several cases under IDEA 20 U.S.C. § 1415(i)(3)(B)(i)(II).

34. The Court in *M.L. v. El. Paso ISD, Id.* found that the attorney to have unreasonably litigated after the case became moot and the school district had offered all requested relief. In the process of calculating the attorney fees, the Court determined that the dispute's very existence was largely a creature of the school district's own making. The Court refused to award attorney's fees related to the school district's prosecution of its administrative judicial counterclaim. The Court stated it is unclear from 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) whether attorney's fees for counterclaims are even

9

comtemplated. The Court stated: "These fee-shifting statutes appear designed to award fees to a educational agency for its *defense* against the frivolous and harassing claims. Nothing in these subsections appears to indicate Congressional approval of awarding fees for counterclaims, even when based on the same operative facts as the initial claim."

35. The Court in *M.L. v. El Paso ISD, Id.*, stated even if the IDEA statute allows awards for counterclaims, the Court found the award was not warranted in the case because the school district's counterclaim of seeking an override of a parent's consent was discretionary and he failed to show the attorney's defense against it was frivolous, unreasonable or without foundation. The Court reduced the amount of attorney's fees of $80,746.50 to an award of $10,000.00.

36. Defendant would argue that it is questionable and not undisputed that Plaintiff is the prevailing party in the due process action for being eligible for an award of attorney's fees. The Hearing Officer found in favor of the Plaintiff AISD's one issue that the Plaintiff did not to perform some testing for Defendant C.C. However, Defendant would argue that Plaintiff AISD only achieved an alteration between the parties that was merely technical or *de minimus* in nature. The Plaintiff did not achieve an alteration that was significant and the Plaintiff was in the same position before the litigation, not testing C.C. The alteration was also technical or *de minimus* in nature based upon the fact that the Defendants had successfully been granted a nonsuit pursuant to the Texas Rules of Civil Procedure 162 and the Defendants were no longer participating in the initial litigation. The Defendants also did not participate in the Plaintiff's counterclaim and did not appear at the due process hearing. Defendant would further argue that the Plaintiff did not satisfy the second prong on prevailing party status because the counterclaim action of Plaintiff AISD did not further the purposes of IDEA.

37. Pursuant to the language of the Court in *M.L. v. El Paso Indep. Sch. Dist.*, 2009 U.S. Dist.

LEXIS 83299 (W.D. Tex. 2009), the IDEA may not allow counterclaims under IDEA and the Plaintiff AISD would not be entitled to an award of attorney's fees. As in the case of *M.L. v. El Paso ISD, Id.*, the Plaintiff AISD dispute's very existence was largely a creature of the school district's own making.

37. Defendant would argue that the Hearing Officer applied the proper standard in her determination where she found the Defendant parents did not bring the due process action for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. When deciding whether or not the Defendants brought the due process for an improper purpose, the Hearing Officer has the right to reserve her ruling for the most egregious cases, where there are no questions of malicious intent, and therefore, the improper purpose is clear. The Plaintiff AISD argues that the Court should apply Federal Rule of Civil Procedure Rule 11 to compare the standard to be applied. The Court in *M.L. v. El Paso ISD, Id.* considered the same and or similar argument and found the IDEA statute is distinct from Fed. R. Civ. Pro. Rule 11 and 42 U.S.C.§ 1988 and disregarded the argument.

38. Defendant would further argue that the standard of review for an appeal from an IDEA due process hearing is virtually de novo. Although the reviewing Court must give "due weight" to the hearing officer's findings of fact, it must ultimately reach an independent decision based on a preponderance of the evidence. *Houston Indep. Sch. Dist.*, 200 F. 3d 341, 347 (5th Cir. 2000), citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997). *Teague Indep. Sch. Dist. v. Todd L.*, 999F.2d 127, 131 (5th Cir. 1993). The due weight which the court must give to the hearing applies not to the testimony of witnesses or to the evidence, both of which the court must independently evaluate, but to decisions of the Hearing Officer. *Venus Indep. Sch. Dist. v. Daniel S. b/n/f Ron and Patricia S.*, 2002 U.S. Dist. LEXIS 6247 (2002). In general the District Court may not substitute their own views for those of the Hearing Officer. *Board of Education of Hendrick Hudson Central School District – Westchester County v. Rowley*, 458 U.S. 176, 200; 102 S. Ct. 3034, 731 Ed. 2d

690 (1982). On issues of law under IDEA, the Hearing Officer is entitled to no deference. On issues of fact, however, the district court must accord due weight to the decision of the Hearing Officer. *Alex R. v. Forrestville Valley Comm. Unit Sch. Dist.*, 375 F.3d 603, 611-12 (7th Cir. 2004). The Court in *Alex R. Id.* set forth a very understandable reasoning of applying due weight.

39. The Plaintiff AISD had the burden of proof and persuasion. *Shaeffer v. Weast*, 546 U.S. 49; 126 S. Ct. 528; 163 L. Ed. 2d 387 (2005).

40. The Defendant parents had the legal right to bring a due process action pursuant to 20 U.S.C. § 1415(B)(6) to present a complaint with respect to any matter relating to identification, evaluation, or educational placement of the child, or the provisions of a free appropriate public education to such child. The purpose of the Defendant parents' complaint was not improper. Defendants wanted an IEP that was going to address their child's perceived regression and lack of progress in academic and speech. Defendants are entitled to bring a due process to determine if the child qualifies for ESY services for recoupment of critical skills. 19 TAC § 89.1065.

41. Defendants wanted testing related to the child's asthma and other possible disabilities to determine if he qualified for services under "other health impairment" 34 C.F.R. § 300.8 (c)(9). It was not an improper purpose to plead additional causes besides the IDEA and plead a cause of action under Section 504 of the Rehabilitation Act of 1973 (Section 504) 29 U.S.C.S. § 794 and Title II. of the Americans with Disabilities Act (ADA), 42 U.S.C.S. 12131, *et seq*. The Defendant parents have to plead the cause of action in a due process case under IDEA in order to exhaust their administrative remedies if they later want bring a suit in federal court under those causes of action. 20 U.S.C.S. § 1415 (f)-(i). *Babicz v. The School Board of Broward County*, 135 F.3d 1420; 1998; U.S. App. LEXIS 3120. *Kathren Miller v. West Feliciana School Board*, 2008 U.S. Dist. LEXIS 80926 (M.D. La. Aug. 11, 2008).

42. It was not improper purpose for the Defendants to request discovery under the Open Records Act. Under IDEA, parents are entitled to review the educational records of their child. If the Plaintiff AISD had followed normal discovery courtesy, the documents that were being picked up at the Plaintiff AID Public Relations Office could have been bate stamped and already numbered. Thus, the Defendants would not have needed to verify the documents they received. The Plaintiff AISD was still withholding documents by using he Attorney General as a vehicle to deny producing certain records. Later, the Attorney General issued an opinion that the Defendants were entitled to the records. By the time the ruling was available the case was dismissed. If the Advocate Edna Ballard was injured in the office, she had a right to pursue her own personal legal action against the employees of the school district. Mr. Erik Nichols says there were 40 of documents sent by the Advocate another witness testified there were over 100 documents, however, the copies of the 40-100 documents were not entered as exhibits in Plaintiff AISD's counterclaim due process action, if the documents ever really existed.

43. It was not an improper purpose for the Defendant parents to request the Plaintiff AISD attend another resolution meeting after they amended their complaint. It is the policy of TEA and IDEA to encourage resolution. 20 U.S.C.S. § 1415 (f)(B); 19 TAC § 89.1150. The Defendant parents have the right to have an impartial hearing officer and the law provides for recusal actions. Texas Rule of Civil Pro. 18(b). It was not an improper purpose for the Defendants to withdraw their action. Texas Rules of Civ. 162.

44. The Hearing Officer found that Plaintiff AISD did not provide proper notice to the Defendants that they were seeking attorney's fees and cited the case of *Lago Vista ISD V. S.F.*, Cause No. A-07-CA-641-SS, in the U.S. District Court for the Western District of Texas, Austin Division. Pursuant to IDEA 20 U.S.C.S. § 1415 (f)((3)(B). The party requesting the due process hearing shall not be allowed to

raised issues at the due process hearing that were not raised in the notice under subsection (b)(7) of this section, unless the other party agrees otherwise.

45. The Defendant parents did not have clear notice that the Plaintiff AISD was attempting a finding that they brought the case for an improper purpose so the Plaintiff AISD could later seek attorney's fees against the Defendants in federal court. The Defendants would not have agreed otherwise to the Plaintiff's request for attorney's fees against the Defendants. The Hearing Officers hear the due process cases pursuant to the rules in the Texas Rules of Civil Procedure. Under the Texas Rules of Civil Procedure, a party must specifically plead attorney's fees and under the Federal Rules of Civil Procedure, attorney's fees are considered special damages and they should be pled. Unless attorney's fees are mandated by statute, the party must plead for attorney's fees to be entitled to them. *Swate v. Medina Cmty. Hosp.*, 966 S.W. 2d 693, 701 (Tex. App. – San Antonio 1998, pet. denied); *R. Conrad Moore & Assocs. V. Lerma*, 946 S.W. 2d 90, 96; 1998 Tex. App. LEXIS 1710 (Tex. App. – El Paso 1997, writ denied). A party should identify the authority for attorney's fees in its pleadings, but if it does not, the party is still entitled to them if it pleads facts supporting attorney's fees. *O'Connell v. Hitt*, 730 S.W.2d 16, 18 (Tex. App.- Corpus Christi 1987), no writ). The Plaintiff AISD did not seek attorney's fees when they brought a first due process action against the parents to override the parents consent for testing. See Docket No. 141-SE-0207. Adm. Rec. (0807) Vol. I., p.5. Based upon the past behavior of the Plaintiff AISD, Defendant parents did not know the Plaintiff AISD was seeking attorney's fees against them, until after they had been sued with the Original Complaint in federal Court.

46. When the Court reviews the entire record, the Defendants believe that the record shows that the Plaintiff AISD was not cooperative with the parents and their behavior has reason to be questioned for lack of collaboration in developing the IEP for C.C. under the four-part test of *Houston Indep. Sch. Dist.*, 200 F. 3d 341, 347 (5th Cir. 2000), citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118

14

F.3d 245, 252 (5th Cir. 1997). Court may later consider supplemental evidence that the Plaintiff AISD's due process and subsequent federal appeal was filed in retaliation against the Advocates Jimmy Kilpatrick and Ms. Edna Ballard due to Feldman & Rogers, L.L.P.'s past interactions and battles in the IDEA arena involving other cases. The Plaintiff AISD called the Alief Police Department on the Advocates at the Plaintiff AISD Public Relations Office. The Plaintiff AISD did file a Motion to Disqualify Lay Advocates and attempted to have the only legal help that Defendant parents were able to locate for representation disqualified from representing them at due process. Adm. Rec. (0507) Vol. I. p. 186-190.

## IV. Conclusion

47.    The Defendants C.C. b/n/f Kenneth & Nnecka C. requests the Court to up hold the decision of the Hearing Officer and find the Hearing Officer applied the correct standard for reviewing improper purpose under 20 U.S.C. 1415(i)(3)(B)(i)(III) and deny the Plaintiff AISD's request for attorney's fees and costs and dismiss the federal appeal.

Respectfully submitted,

/S/ *Deborah K. Bailey*
DEBORAH K. BAILEY
State Bar Number: 01520400
Federal I.D. No. 6864
3350 Highway 6, #289
Sugar Land, Texas 77478
(281) 980-8384 (Telephone)
(281) 980-2871 (Facsimile)
ATTORNEY FOR DEFENDANTS
C.C. b/n/f KENNETH & NNECKA C.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Defendants' Response to Plaintiff Alief Independent School District's Brief on the Award of Attorney's Fees Under the Individuals With Disabilities Education Act, was served on Plaintiff's Attorney-in-Charge J. Erik Nichols, Feldman, Rogers, Morris & Grover, L.L.P., of 5718 Westheimer, Suite 1200, Houston, Texas 77057 via the Clerk of the Court using CM/ECF system which will electronically send notification of such filing on this the 1st day of February, 2010.

/S/ *Deborah K. Bailey*
Deborah K. Bailey