UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALIEF INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-861 |
| | § | |
| C. C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Pending before the Court is the plaintiff's, Alief Independent School District ("AISD"), motion for summary judgment (Docket Entry No. 41). The defendant, C.C.[1] by next friends Kenneth & Nneka C. ("CC"), submitted a response to this motion (Docket Entry No. 42) and AISD filed an opposed motion to strike or alternatively to stay its request for attorney's fees (Docket Entry No. 50). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby denies AISD's motion for summary judgment and *sua sponte* dismisses AISD's claims.

### II. Factual Background

AISD is a public school district in the Texas. CC is a ten-year-old student attending school in AISD. This action initially arose when CC asserted a violation of the Individuals with Disabilities Education Act ("IDEA") by AISD. As discussed below, the present case is an appeal from a Special Education Hearing Officer's decision regarding the conflict between CC and AISD.

---

[1] The student's initials are used in compliance with the spirit of General Order No. 2004-11 of United States District Court, Southern District of Texas (in order to protect the minor's privacy).

In February, 2007, AISD requested permission from the Texas Education Agency (the "TEA") to re-evaluate CC with regard to his educational needs.  This permission was eventually granted despite CC's parents' refusal to consent.  Pursuant to this permission, AISD reevaluated CC's education needs, including a full and individual evaluation, a psychological evaluation and a speech evaluation.  Subsequently, on May 29, 2007, CC requested a Special Education Due Process Hearing (a "due process hearing") before the TEA, alleging that AISD did not evaluate CC in all required areas, that CC did not receive the required notice for refusal of requested services, that the implemented educational program was inappropriate and that AISD did not provide CC with extended school year services.  On August 16, 2007, AISD counterclaimed, seeking a ruling that CC was tested in all areas of suspected disability, that CC was not denied a free appropriate public education, that CC's individualized educational program for the 2007–08 was appropriate, that CC's placement in the life skills program was proper and that CC's parents' due process hearing was requested for an improper purpose.  These cases are hereinafter collectively referred to as the "underlying case."

 In October, 2007, CC requested dismissal of both his and AISD's claims.  AISD refused to dismiss its claim; CC's claim was dismissed.  On October 24, 2007, AISD's claim was heard by the TEA.  AISD was granted all requested relief, except for a determination that CC's complaint was filed for an improper purpose.

AISD contests the denial of any of its requested relief, arguing that it "presented an overwhelming amount of uncontroverted evidence that clearly demonstrated that the parents and their advocates engaged in harassment of AISD employees throughout the entire process . . . ." It maintains that this evidence establishes that CC's complaint was filed for an improper purpose. Moreover, AISD states that the TEA officer applied the incorrect legal standard when making his

findings.  Accordingly, AISD requests that this Court vacate that portion of the TEA's decision, declare that CC pursued his claims for an improper purpose and order CC to pay AISD's attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(III).

### III. Contentions

#### A. The Plaintiff's Contentions

AISD asserts that it should be granted summary judgment on all of its claims against CC. To this end, it argues that it was a prevailing party in the underlying case for the purposes of the IDEA.  AISD also maintains that the TEA applied the wrong legal standard regarding whether CC filed his claim for improper reasons.  Even under the incorrect standard, all relief should have been granted, AISD argues.  Lastly, it proffers that all required notice was given to CC regarding AISD's intention to seek attorney's fees.

#### B. The Defendants' Contentions

CC asserts that summary judgment in AISD's favor is not proper.  Initially, he argues that, for the purposes of the IDEA, AISD is not a prevailing party, and therefore, it cannot collect attorney's fees.  Moreover, he maintains that fact questions exist regarding whether the standard for attorney's fees under the IDEA has been satisfied by CC's actions.  AISD failed to give required notice of its intent to seek attorney's fees, argues CC.  Lastly, CC questions whether the IDEA's attorney's fees provision apply to AISD's counterclaims.

### IV. Standard of Review

#### A. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c).  "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact."  *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)).  Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  Fed. R. Civ. P. 56(e).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."  *Lynch*, 140 F.3d at 625.  "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party."  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).  Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

Further, with regard to the particular standard to be applied in this case, United States District Judge Lee H. Rosenthal (S.D. Tex.) has recently stated that:

"When a district court reviews a hearing officer's decision under the IDEA program, it receives the records of the administrative proceedings and also takes

additional evidence at the request of any party." *Houston Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 2009 WL 2878053, at \*4 (5th Cir. Sept. 9, 2009). "When no new evidence is presented to the district court in an IDEA suit . . . 'the motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.'" *Loch v. Edwardsville School Dist. No. 7*, 327 Fed. Appx. 647 (7th Cir. 2009) (quotation omitted). Although it is termed "summary judgment," the district court must "reach an independent decision based on a preponderance of the evidence." *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997). In reaching this decision, "courts must be careful to avoid imposing their view of preferable educational methods upon the State." *Bd. of Ed. v. Rowley*, 458 U.S. 176, 207, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982). State and local authorities have primary responsibility for educating children and "courts lack the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *See Rowley*, 458 U.S. at 207–08 & n.30, 102 S. Ct. 3034, 73 L. Ed. 2d 690. Although a court's review under the IDEA is "virtually de novo," *V.P. ex rel. Juan P.*, 582 F.3d 576, 2009 WL 2878053, at \*4, this is not an invitation to "the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Adam J. ex. rel. Robert J. v. Keller Indep. Sch. Dist.*, 328 F.3d 804, 808 (5th Cir. 2003) (quotation omitted). Accordingly, courts place "due weight" on the hearing officer's decision. *V.P. ex rel. Juan P.*, 582 F.3d 576, 2009 WL 2878053, at \*4.

*L.F. v. Houston Indep. School Dist.*, No. H-08-2415, 2009 WL 3073926, at \*10 (S.D. Tex. Sept. 21, 2009).

### B.  Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).  In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.)  Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, [even with] the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations, footnote and emphasis omitted).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  A trial court can, *sua sponte*, dismiss for failure to state a claim upon which relief may be granted.  *Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (unreported opinion).

### V. Analysis & Discussion

With regard to public education, the "IDEA guarantees a 'basic floor' of opportunity, 'specifically designed to meet [a] child's unique needs, supported by services that will permit him to benefit from . . . instruction.'" *Richardson Indep. School Dist. v. Michael Z*, 580 F.3d 286, 292 (5th Cir. 2009) (quoting *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247–48 (5th Cir. 1997)).  "The IDEA also imposes extensive procedural requirements designed to 'guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate.'" *Buser by Buser v. Corpus Christi Indep. School,* 51 F.3d 490, 493 (5th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 311–12 (1987)).  However, should a parent improperly exercise IDEA's provisions, they may be liable for attorney's fees.

In the case at bar, AISD premises its request for attorney's fees on 20 U.S.C. § 1415, which states, in pertinent part, that:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing . . . local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

§ 1415(i)(3)(B)(i)(III).   This section permits "a court to award attorney fees in actions or proceedings '*brought under this section*.'   As used in th[is] subsection, the word 'section' refers to the entire statute . . . .   In other words, the phrase, 'brought under this section,' as used in § 1415(i)(3)(B), means 'brought under § 1415.'"   *Lucht v. Molalla River School Dist.*, 225 F.3d 1023, 1028 (9th Cir. 2000) (emphasis added).   Thus, in order for AISD to collect attorney's fees, it must establish that it was a prevailing party in an "action or proceeding brought under [§ 1415.]   Under Fifth Circuit precedent, "a prevailing  party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *El Paso Indep. School Dist. v. Richard R.*, 591 F.3d 417, 521– 22 (5th Cir. 2009) (quoting *Jason D.W. by Douglas W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998)).

CC argues that AISD was not a prevailing party in the underlying case because it "did not achieve an alteration that was significant and [it] was in the same position before the litigation." Moreover, he asserts that AISD "did not satisfy the second prong [for] prevailing party status because the counterclaim action of Plaintiff AISD did not further the purposes of IDEA."   In contrast, AISD broadly states (with citations removed) that:

> AISD is clearly a "prevailing party" for purposes of the rule. The parents filed their complaint alleging that the evaluation conducted by AISD was inappropriate and that the individual educational program ("IEP") developed by AISD for the student was also inappropriate. The parents alleged the student was regressing as a result of the inappropriate educational program and demanded additional evaluations and compensatory educational services to address the regression. AISD countered that its evaluation was appropriate and sought to establish that the student's educational program provided him with a free appropriate public education as required by the IDEA. AISD also sought a finding from the hearing officer that C.C.'s parents filed their request for hearing for an improper purpose. As already noted, the hearing officer found the evidence undisputed that the evaluation conducted by AISD was appropriate and that the program developed for the student was appropriately individualized, allowed for placement in the least restrictive environment and would ensure the student continued to make

educational progress. In other words, AISD prevailed on every issue the parents raised for hearing and thus is a prevailing party for purposes of attorneys' fees.

Lastly, on a related point, CC points out that previous case law has "stated [that] it is unclear from 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) whether attorney's fees for counterclaims are even contemplated." In the following subsections, the Court addresses these arguments with regard to both CC and AISD's claims before the TEA.

### A.  CC's Initial Complaint

AISD is not a prevailing party with regard to CC's initial complaint. That complaint was voluntarily dismissed prior to full adjudication, and therefore, did not effect an alteration of the legal relationship between AISD and CC, nor did it foster the purpose of the IDEA. *See generally John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545 (3rd Cir. 2003) (finding that voluntary dismissal did not create a prevailing party under Third Circuit precedent). Therefore, with regard to CC's complaint before the TEA, AISD was not a prevailing party.

### B.  AISD's Declaratory Request

As discussed above, AISD seeks attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(III), which potentially applies to "any action or proceeding brought under [§ 1415]." Thus, a threshold query is whether AISD's declaratory request before the TEA (and the subsequent litigation before this Court) arose under § 1415. As discussed below, the Court finds that it did not.

Section 1415 was created to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). To this end, "Any State educational agency, State agency, or local educational agency that receives assistance under [United States Code

Title 20, Chapter 33, Subchapter II] shall establish and maintain procedures in accordance with [§ 1415.]"  Section 1415(b) further provides that the required procedures "shall include" specific provisions, including § 1415(b)(6), which is the only clause potentially applicable to the case at bar.  It requires pertinent school districts to provide:

> **(6)** An opportunity for any party to present a complaint--
>> **(A)** with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child; and
>> **(B)** which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for presenting such a complaint under this subchapter, in such time as the State law allows, except that the exceptions to the timeline described in subsection (f)(3)(D) shall apply to the timeline described in this subparagraph.[2]

---

[2] Section 1415(b) provides, in full:
Types of procedures [-] The procedures required by this section shall include the following:
(1) An opportunity for the parents of a child with a disability to examine all records relating to such child and to participate in meetings with respect to the identification, evaluation, and educational placement of the child, and the provision of a free appropriate public education to such child, and to obtain an independent educational evaluation of the child.
(2) (A) Procedures to protect the rights of the child whenever the parents of the child are not known, the agency cannot, after reasonable efforts, locate the parents, or the child is a ward of the State, including the assignment of an individual to act as a surrogate for the parents, which surrogate shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child. In the case of--
    (i) a child who is a ward of the State, such surrogate may alternatively be appointed by the judge overseeing the child's care provided that the surrogate meets the requirements of this paragraph; and
    (ii) an unaccompanied homeless youth as defined in section 11434a(6) of Title 42, the local educational agency shall appoint a surrogate in accordance with this paragraph.
    (B) The State shall make reasonable efforts to ensure the assignment of a surrogate not more than 30 days after there is a determination by the agency that the child needs a surrogate.
(3) Written prior notice to the parents of the child, in accordance with subsection (c)(1), whenever the local educational agency--
    (A) proposes to initiate or change; or
    (B) refuses to initiate or change,
    the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child.
(4) Procedures designed to ensure that the notice required by paragraph (3) is in the native language of the parents, unless it clearly is not feasible to do so.
(5) An opportunity for mediation, in accordance with subsection (e).
(6) An opportunity for any party to present a complaint--
    (A) with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child; and

However, AISD's complaint does not allege any "violation," as required by subsection 6(B). ASID requests five declarations, none of which concern a violation of the IDEA. Specifically, the complaint requested a ruling that (1) CC had been tested in all areas of suspected disability, (2) CC was not denied a free appropriate public education, (3) the individualized educational program for the 2007–08 school year was reasonably calculated to provide educational benefit to CC, (4) CC's placement in the life skills program was appropriate and (5) the due process hearing was brought by CC for an improper purpose. The first four requests seek declarations of *compliance* with applicable provisions (in contrast to *violations*). With regard to the fifth request, to the extent that it alleges any malfeasance, the Court does not recognize any pertinent

---

(B) which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for presenting such a complaint under this subchapter, in such time as the State law allows, except that the exceptions to the timeline described in subsection (f)(3)(D) shall apply to the timeline described in this subparagraph.

(7) (A) Procedures that require either party, or the attorney representing a party, to provide due process complaint notice in accordance with subsection (c)(2) (which shall remain confidential)--

    (i) to the other party, in the complaint filed under paragraph (6), and forward a copy of such notice to the State educational agency; and

    (ii) that shall include--

        (I) the name of the child, the address of the residence of the child (or available contact information in the case of a homeless child), and the name of the school the child is attending;

        (II) in the case of a homeless child or youth (within the meaning of section 11434a(2) of Title 42, available contact information for the child and the name of the school the child is attending;

        (III) a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and

        (IV) a proposed resolution of the problem to the extent known and available to the party at the time.

(B) A requirement that a party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of subparagraph (A)(ii).

(8) Procedures that require the State educational agency to develop a model form to assist parents in filing a complaint and due process complaint notice in accordance with paragraphs (6) and (7), respectively.

statute that these allegations might "violate."  Accordingly, as AISD's complaint does not allege any pertinent "violations," the Court finds that the complaint does not fall under § 1415.

It is of note that § 1415(b) describes due process procedures that a state "shall include." This open-ended language allows for an argument that the enumerated list contained therein is not exclusive, and therefore, other state provisions could fall within the ambit of § 1415, despite not being specifically required thereunder.  However, this argument is logically foreclosed by the history of amendments to this provision.  As described in *Megan C. v. Independent School Dist. No. 625*, § 1415(b) previously stated that state law had to include, "but [were] not be limited to," the enumerated requirements in § 1415.  57 F. Supp. 2d 776, 784 (D. Minn. 1999).  However, the above-quoted language was deleted from the statutory text in 1997.  *Id.*  As such, "the argument . . . that the list of procedures set forth in § 1415 is non-exhaustive and can thus expand to include [non-enumerated provisions] is rendered moot by the 1997 amendments and thus [is] inapplicable to the present matter. To the contrary, the present language of § 1415(b) indicates that the procedures set forth in § 1415 for an impartial due process hearing are instead *mandatory and exhaustive . . . .*"  *Id.* at 784–85 (emphasis added).

Premised upon the above discussion, the Court concludes that the relief requested in AISD's complaint is not pursuant to any provision provided for under § 1415.  Therefore, since the attorney's fees provision in that section is only applicable to an "action or proceeding brought under [§ 1415,]" application of the attorney's fees provision in the present case is inappropriate.  Accordingly, AISD's requested summary judgment is improper.  Moreover, as established above, AISD cannot, as a matter of law, recover under 20 U.S.C. § 1415(i)(3)(B)(i)(III), and therefore, the Court *sua sponte* dismisses its claims.

**VI. Conclusion**

Based on the above, the Court hereby DENIES AISD's motion for summary judgment and *sua sponte* dismisses AISD's claims.

It is so **ORDERED.**

SIGNED at Houston, Texas this 7th day of April, 2010.

_____
Kenneth M. Hoyt
United States District Judge